**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jamie RANGEL, Defendant-Appellant.**

**No. 15-10279**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

Camil Skipper, Assistant U.S. Attorney, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff-Appellee

Krista Hart, Law Offices of Krista Hart, Sacramento, CA, for Defendant-Appellant

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Jamie Rangel appeals from the district court's judgment and challenges the 168-month sentence imposed following his guilty-plea conviction for conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We dismiss.

Rangel argues that the district court erred in applying a two-level enhancement for his leadership role in the offense under U.S.S.G. § 3B1.1(c). The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris,* 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Rangel's plea agreement unambiguously encompass this appeal of his low-end Guidelines sentence. *See id.* at 1205-06. The record belies Rangel's contention that the district court advised him that he had the right to appeal. *See United States v. Arias-Espinosa,* 704 F.3d 616, 619 (9th Cir. 2012) (district court does not negate the written waiver of the right to appeal by stating that defendant "may have a right to appeal"). Accordingly, we dismiss pursuant to the valid waiver. *See Harris,* 628 F.3d at 1207.

**DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).